UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORMAN E. GARNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant | No. CV-12-0110-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. ECF No. 11, 19. Attorney David L. Lybbert represents Norman E. Garner (Plaintiff); Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) on October 17, 2007, alleging disability due to sensitivity to chemicals and asthma since June 30, 2005. Tr. 15, 233. His claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

May 20, 2010, before ALJ Michael S. Hertzig. Plaintiff, who was represented by counsel, and vocational expert Tom Meunier testified at the hearing. Tr. 15, 29-52, 150. A supplemental hearing was held on July 26, 2010, at which Plaintiff and medical expert Ashok Khushalani, M.D. testified. Tr. 53-69, 203. The ALJ denied benefits on July 30, 2010. Tr. 15-23. The Appeals Council denied Plaintiff's request for review of the ALJ's denial on January 26, 2010. Tr. 1-3. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). "This is a highly deferential standard of review." *Valentine v. Commissioner of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and briefly summarized here. Plaintiff was 60 at the time of the hearing. Tr. 41. He has a high school education and past work history of 34 years as an inspector/process observer in the manufacture of metal products for nuclear reactors. Tr. 34, 234; ECF No. 12 at 4. Plaintiff testified he developed a sensitivity to chemicals at his workplace that has made it impossible for him to be in outside environments for any length of time. He reported he reacts to most everyday chemicals and odors with severe headaches, nausea, dizziness and instability. He testified he only feels well

in his home environment, which is free of offending irritants. He stated he is unable to be out of his house or around people long enough to find work. Tr. 35, 42-44, 249, 285.

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff met requirements for DIB through December 2010. Tr. 17. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. He found Plaintiff had severe impairments of bronchial asthma and sensitivity to chemicals. *Id*. Plantar fasciitis was identified as a non-severe impairment. Tr. 18 At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). *Id*. At step four he determined Plaintiff had no exertional limitations but "must avoid concentrated exposure to fumes, odors, gases, and poor ventilation." *Id*. Based on this RFC, the ALJ concluded Plaintiff could not perform his past relevant work. Tr. 22.

In the step four findings, the ALJ discussed in detail medical evidence, including objective test results from treating and examining physicians, and Plaintiff's testimony. Tr. 19-22. He found Plaintiff's subjective complaints were not entirely credible. 21. At step five, the ALJ found Plaintiff's ability to perform all ranges of exertional work was limited only by nonexertional limitations that have "little or no effect on the occupational base of unskilled work at all exertional levels." Tr. 23. Taking judicial notice of a significant number of unskilled jobs in the national economy, and relying on the Medical-Vocational Guidelines

(Grids) as a "framework," he concluded Plaintiff was not disabled as defined by the Social Security Act. *Id*.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) used the Grids in lieu of VE testimony at step five; (2) failed to address treating and examining physician evidence; and (3) made improper credibility findings. ECF No. 12 at 8-14. Defendant argues the ALJ's decision is supported by substantial evidence, without legal error and should be affirmed. ECF No. 20.

## DISCUSSION

### A. Credibility

Plaintiff argues the ALJ failed to justify his adverse credibility determination with legally sufficient reasons. Specifically, Plaintiff contends the ALJ simply supplied boiler plate language in his decision, ignoring Social Security Regulations and the Commissioner's policy statements that require specific findings to support rejection of subjective symptom complaints. ECF No. 12 at 12-13; *see also Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)(en banc)(ALJ must provide "specific, cogent reasons for the disbelief" to reject a claimant's subjective complaints). *Id*. The court has expanded the standard articulated in *Bunnell* where there is no affirmative evidence of malingering. In these cases, reasons for rejecting a claimant's subjective complaints must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Taylor v. Commissioner of Social Sec. Admin.*,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

659 F.3d 1228, 1234 (9th Cir. 2011); *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009); *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989).

Here, the ALJ's credibility determination includes specific, "clear and convincing" reasons that are supported by evidence referenced in the ALJ's decision. Tr. 21-22. The ALJ discussed Plaintiff's testimony, identified specific allegations he found not entirely credible, and referenced specific evidence that supported his credibility determination. For example, after making a general statement that Plaintiff's allegations were not credible "to the extent they are inconsistent" with the RFC determination, the ALJ found "claimant's statements regarding the severity of his asthma and chemical sensitivity and resulting limitations are not fully credible." Tr. 21. This finding is sufficiently specific to allow this court's review.

The ALJ then listed "clear and convincing" reasons for discounting Plaintiff's statements. Specifically he found the record includes (1) little medical evidence of treatment after multiple evaluations; (2) medical reports showing "normal" results from allergy testing and "minimal physical findings" on examination; (3) treating physician clinic notes showing symptoms were "well-controlled" with medication; (4) physician reports of "mild asthma"; (5) no evidence to show a worsening of Plaintiff's condition to the degree alleged since the time of the cited assessments; (5) and evidence of Plaintiff's inconsistent statements re: ability to drive for four hours and attend medical evaluations in spite of a claimed

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

inability to tolerate exhaust fumes. Tr. 21-22. These are all "clear and convincing" reasons to discount Plaintiff's extreme symptom complaints and allegations of disabling chemical sensitivity. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012)(inability to tolerate "minimal human interaction" contradicted by record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)(lack of treatment); *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005) (objective medical findings one factor considered in discrediting testimony); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)(symptoms well-controlled by medication); *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989)(lack of treatment supports adverse credibility finding). The ALJ did not err in his credibility determination.

**B. Evaluation of Medical Source Opinions**

Plaintiff argues the ALJ improperly relied on medical opinions from non-examining agency physician, Guillermo Rubio, M.D., as a basis for rejecting uncontroverted medical evidence from his treating physician, Richard Wilkinson, M.D., and allergy specialist Gordon Baker, M.D. ECF No. 12 at 6-7, 10. Plaintiff also asserts the ALJ failed to reject with "clear and convincing" reasons the opinions of Drs. Wilkinson and Baker that Plaintiff's sensitivity to identified chemicals significantly limits his ability to tolerate the work environment. *Id*.

**Dr. Rubio**

In February 2008, agency physician Dr. Rubio assessed Plaintiff physical RFC, based on results from a consultative examination

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

conducted by Dr. Opara on February 2, 2008. Dr. Opara, who also reviewed progress notes from 2007 and interviewed Plaintiff, concluded Plaintiff had no exertional limitations, and non-exertional restrictions due to bronchial asthma and allergies that Plaintiff reported were exacerbated by chemical fumes and environmental irritants. Tr. 366-68. Results from pulmonary function tests supporting Dr. Opara's findings are included in the record. Tr. 374-78.

Based on Dr. Opara's report, Dr. Rubio concluded Plaintiff had no exertional limitations but needed to "avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, etc." Tr. 380-86. Because Dr. Rubio's findings are supported by Dr. Opara's examination findings and laboratory test results, they are substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester*, 81 F.3d at 830-31. Consistent with Dr. Obara's findings, the ALJ found Plaintiff could not perform his past relevant work. Tr. 23. Further, as discussed below, because the ALJ properly rejected contradicting opinions from Plaintiff's treating physician and allergy specialist, dated January 2010 and May 2010 respectively, the ALJ's reliance on Dr. Obara's and Dr. Rubio's conclusions at step five is not legal error.

**Dr. Wilkinson**

The record indicates Dr. Wilkinson treated Plaintiff for asthma and allergies on August 14, 2008, through June 2009. Clinic notes indicate conservative treatment, including medication to control symptoms, was recommended based on Plaintiff's self-reported symptoms and results of hair analyses which showed high levels of

uranium. Tr. 396-419, 415. In January 2010, Dr. Wilkinson penned a one paragraph letter with a list of specific irritants that Plaintiff should avoid "to improve his health." Tr. 420-21. The ALJ summarized this evidence and gave little weight to Dr. Wilkinson's 2010 opinion that Plaintiff should avoid exposure to the extensive list of items,[1] finding the opinion was unsupported by objective testing, and "Dr. Wilkinson provided no further explanation for his recommendation to avoid such items." Tr. 20, 21. He also noted Plaintiff's reported driving activities (and exposure to vehicle exhaust) are inconsistent with Dr. Wilkinson's opinion. These are legally sufficient reasons for rejecting a treating physician's opinion.[2] *Thomas v. Barnhart*, 278 F.3d 947,

---

[1] Dr. Wilkinson opined Plaintiff should "avoid" the following items: "polishes, detergents, bleach, cleaning solutions, perfumes, deodorants, dryer sheets, hairspray, shampoo, lotions, nail polish and remover, diesel, gas, pesticides, herbicides, ink, Sharpie pens, exhaust from vehicles, glue, PC printer, rug odors, and newly printed newspaper." Tr. 421.

[2] The list provided by Dr. Wilkinson is contradicted by Dr. Baker's items and those identified by Dr. Rubio in his Physical RFC, as well as medical evidence from other treating medical sources and summarized by the ALJ. Tr. 19-20; s*ee, e.g.,* Tr. 342, 343-44. Therefore, to reject Dr. Wilkinson's medical opinion, the ALJ's reasoning must be "specific" and "legitimate." Lester, 81 F.3d at 830-31. Further, as the Ninth Circuit has emphasized, the ALJ is not required to recite specific words in rejecting medical opinions.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

957 (9th Cir. 2002)(ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings"). The ALJ did not err in the weight given Dr. Wilkinson's opinions regarding substances Plaintiff should avoid.

**Dr. Baker**

Dr. Baker is not a treating physician. He evaluated Plaintiff one time on May 14, 2010, several days before the ALJ hearing. Tr. 428-31. On examination, Dr. Baker observed normal lungs, airways, skin, eyes and throat. After summarizing Plaintiff's medical history, self-reported sensitivity to all chemical substances and everyday odors, he noted that Plaintiff had driven four hours to get to the evaluation and did not show distress in the office environment. Tr. 429-31. Although Dr. Baker did not order allergy tests, he agreed with Dr. Wilkinson's opinion that the listed substances should be avoided. He specifically opined Plaintiff "should avoid environments with solvents, inks, sprays and paints" and was disabled because "it would be extremely difficult if not impossible for him to find a workplace given his restrictions and limitations." Tr. 20, 427, 431,

The ALJ summarized Dr. Baker's medical evidence, noting Dr. Baker observed normal physical abilities and clear lungs, and diagnosed chronic rhinitis, although no allergy testing was

---

*Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989.) From the ALJ's summary, referenced medical records indicating symptoms are well-controlled with medication, and no consistent treatment between 2004 and 2007, the court can draw inferences consistent with the ALJ's rejection Dr. Wilkinson's list. *Id*.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

performed. He reasonably rejected Dr. Baker's opinion that Plaintiff is disabled because "such a finding is reserved to the Commissioner," and because Dr. Baker's conclusions regarding Plaintiff's intolerance to the listed substances is unsupported by objective evidence and based only on Plaintiff's subjective complaints. Tr. 21. These are specific and legitimate reasons for rejecting an examining source opinion that is contradicted by other medical opinions. 20 C.F.R. § 404.1527(d)(no special significance given to medical source opinions on issues reserved to the Commissioner); *Magallanes*, 881 F.2d at 752.

**C.   Application of the Medical-Vocational Guidelines (Grids)**

Plaintiff contends the most egregious error made by the ALJ is his failure to obtain vocational expert testimony at step five. He argues his functional limitations are non-exertional; therefore use the Grids to support a finding of "not disabled" is legal error requiring remand. ECF No. 12 at 9-10.

The Grids were adopted by the Social Security Administration (SSA) to improve the efficiency and uniformity of Social Security benefits proceedings at step five, when the Commissioner is obliged to prove there are other suitable jobs available. *Desrosiers v. Secretary of Health and Human Serv's,* 846 F.2d 573, 577 (9th Cir. 1988). "Where a claimant's qualifications correspond to the job requirements identified by the rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform." *Heckler v. Campbell, 461* U.S. 458, 461-62 (1983). Generally, "[s]ignificant non-exertional impairments make reliance on the Grids inappropriate." *Desrosiers*, 846 F.2d at 577. However,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

where non-exertional limitations would not significantly erode an occupational base, application of the Medical-Vocational Guidelines is appropriate.  *Desrosiers,* 846 F.2d at 577 ("non-exertional limitations do not automatically preclude applications of the grids"); *Razey v. Heckler*, 785 F.2d 1426, 1430 (9th Cir. 1986)(non-exertional limitations did not require use of vocational expert); *SSR* 83-10.

Here, the ALJ determined Plaintiff could perform a full range of work "at all exertional levels"; transferability of his skills is not an issue. Tr. 18, 22.  These findings are not challenged. As discussed above, the ALJ's RFC determination that Plaintiff's impairments restrict him to a work environment where he can avoid concentrated exposure to fumes, odors, gases and poor ventilation is supported by credible evidence.

The Commissioner's administrative regulations address claims such as this in which there are environmental restrictions, but no restrictions on a exertional capacities.

> Environmental restrictions ordinarily would not significantly affect the range of work existing in the national economy for individuals with the physical capacity for heavy work (or very heavy work).  Thus an impairment which does not preclude heavy work [or lesser exertional functional capacity] . . . would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education, and skill level of prior work experience may be considered adverse.

20 C.F.R. Part 404, Subpart P, Appendix. 2 § 204.00; *see also SSR* 85- 15("where a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal").  The ALJ's reliance on this administrative

guideline is proper and justified.  The final RFC determination is supported by credible evidence in the entire record.  The ALJ was not obliged to call a vocational expert and by applying the Grids, met his step five burden.  *See Heckler,* 461 U.S. at 467 (agency's reliance on administrative guidelines upheld; vocational expert testimony not required in every case).  Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment, **ECF No. 11,** is **DENIED**.

2.   Defendant's Motion for Summary Judgment, **ECF No. 19,** is **GRANTED.**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant, and the file shall be **CLOSED.**

DATED June 18, 2013.


                          S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13